UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DANIEL HUNT,                          :
                                      :
     Plaintiff,                       :
                                      :
v.                                    :     Case No. 3:22-cv-450(RNC)
                                      :
TOWN OF MANCHESTER,                   :
JOHN DOE #1,                          :
JOHN DOE #2 &                         :
OFFICER JOHN DOE #3,                  :
                                      :
     Defendants.                      :

RULING AND ORDER

Daniel Hunt commenced this action in state court against

the Town of Manchester, town employees John Doe 1 and John Doe

2, and town police officer John Doe 3, seeking damages under

state and federal law for injuries he allegedly sustained in an

altercation with John Does 1 and 2 at Manchester Town Hall.[1]  The

action was removed on the basis of the federal claims.  The

defendants have moved to dismiss the complaint for insufficiency

of service of process under Federal Rule of Civil Procedure

12(b)(5), lack of personal jurisdiction under Rule 12(b)(2), and

---

[1] The complaint contains eight counts under the following headings: "Count
One: Civil Battery (All Defendants)"; "Count Two: Malicious Prosecution (All
Defendants)"; "Count Three: Negligence Under 42 U.S.C. § 1986 (All
Defendants)"; "Count Four: Use Of Excessive Force In Violation of 42 U.S.C. §
1983 (As To All Defendants)"; "Count Five: False Imprisonment (As To All
Defendants)"; "Count Six: Intentional Infliction of Emotional Distress (As To
All Defendants)"; "Count Seven: Negligent Infliction of Emotional Distress
(As To All Defendants)"; and "Count Eight: Municipal Liability Under the
Doctrine Set Forth in Monell v. Department of Social Services, 436 U.S. 658
(1978)(Town of Manchester), per 42 U.S.C. § 1986."

failure to state a claim on which relief may be granted under Rule 12(b)(6).  For reasons stated below, the motion is granted.

I.

The complaint alleges the following facts, which are assumed to be true for purposes of this ruling.  On September 2, 2020, plaintiff went to the Manchester Town Hall to pay his taxes.  When he was about to enter the tax collector's office, John Doe 1 grabbed his arm, pulled the arm out of its socket, and pinned the plaintiff to the floor for several minutes.  John Doe 2 either aided the assault or stood by allowing it to happen.  John Does 1 and 2 were not trained in the use of force, restraint, or de-escalation, nor granted arrest powers.  John Does 1 and 2 then conspired to bring false criminal charges against the plaintiff, which were dismissed.[2]

II.

A. Claims Against the Doe Defendants

Defendants move to dismiss the claims against the Doe defendants on the ground that they have not been served with a writ of summons identifying them by name.  Plaintiff argues that the Doe defendants were properly served via service on the Town

---

[2] In his memorandum in opposition to the motion to dismiss, plaintiff adds the following: "The assault occurred under color of law as a consequence of the Plaintiff attempting to pay his taxes without wearing a mask.  The John Doe Defendants then summoned an officer, and in conjunction, they conspired to maliciously prosecute him, said malicious prosecution terminating in his favor on June 18, 2021."  ECF 26, at 1.

Clerk in Manchester of a summons using pseudonyms because their identities were unknown.   He relies on Conn. Gen. Stat. § 52-57(b)(7), which provides that, in a civil action against an employee of a town arising from the employee's duties, service is accomplished by serving two copies of the summons and complaint on the clerk of the town, who retains one copy and forwards the second copy to the employee.

Neither the Connecticut Supreme Court nor the Appellate Court appears to have considered whether state law authorizes service of process on an unidentified town employee in the manner attempted here, that is, by serving the town clerk with a summons containing a pseudonym.   However, in a case presenting this issue, Judge Bellis held that such service is not authorized.   See Younger v. City of East Haven, No. CV0850205005, 2008 WL 4016615, at *2 - *4 (Conn. Super. Ct. Aug. 4, 2008)(claim against police officer sued as John Doe dismissed because purported service on city clerk as agent for unidentified officer was insufficient). Judge Blue has similarly concluded that state law does not permit use of a pseudonym to serve a defendant whose identity is unknown.   See also Brock v. A-1 Auto Service, Inc., 45 Conn. Sup. 525, 528-29 (Conn. Super. Ct. 1998).   No authority to the contrary has been cited or found.

In his opposition memorandum, plaintiff states: "The policy of the forum us (sic) clear: 'The privilege of using fictitious

3

names in actions should be granted only in the rare case where the nature of the issue litigated and the interest of the parties demand it and no harm can be done to the public interest.' <u>Buxton v. Ullman</u>, 147 Conn. 48, 60, 156 A.2d 508 (1959)." In <u>Buxton</u>, the plaintiffs requested permission to proceed anonymously, which is a far different matter than permitting a plaintiff to sue an unidentified defendant. As Judge Blue explained in <u>Brock</u>, "There is no particular problem in bringing an anonymous plaintiff before the court so long as a pseudonym is used to describe the real person appearing in court. An anonymous defendant, in contrast, presents formidable problems in this endeavor. If the defendant is not described with particularity in the process, that defendant simply cannot be brought before the court." 45 Conn. Super. at 529.

In his opposition memorandum, plaintiff also points to Conn. Gen. Stat. § 47a-23(b), entitled "Notice to quit possession or occupancy of premises," which permits an owner of property to serve a notice to quit using a pseudonym when the owner does not know the occupant's name. However, neither this statute nor any other authorizes use of pseudonyms to serve process in other contexts.

Based on the parties' submissions and independent research, I think it is more likely than not that the Connecticut Supreme Court would agree with the reasoning in <u>Younger</u> and <u>Brock</u>. Accordingly, the claims against the three Doe defendants are

4

dismissed for insufficient service of process under Rule 12(b)(5), and for lack of personal jurisdiction, for which proper service of process is a prerequisite, under Rule 12(b)(2).

    B. <u>Claims Against the Town</u>

      Defendants also move to dismiss the claims against the Town under Rule 12(b)(6) for failure to state a claim on which relief may be granted.  To withstand a motion to dismiss under Rule 12(b)(6), a complaint must present a claim that is "plausible on its face."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).  The plausibility standard requires a plaintiff to provide factual allegations permitting a reasonable inference that the defendant is liable for the alleged wrong.  This requirement "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  <u>Id.</u>  Courts must dismiss claims that rely upon "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  <u>Id.</u>

      It is unclear which counts of the complaint are intended to plead a claim against the Town.  Counts One through Seven bear captions stating that each is brought against "All Defendants," yet the only reference to the Town that appears anywhere in the complaint is in the caption of Count Eight, which purports to plead a municipal liability claim under <u>Monell v. Department of Social Services of City of New York</u>, 436 U.S. 658, 694 (1978). Because the motion to dismiss on behalf of the Town is addressed

5

to all counts in the complaint, and in the absence of clarification by the plaintiff, I assume that all counts in the complaint are intended to plead claims against the Town.

For reasons that follow, I conclude that all eight counts fail to state a claim against the Town on which relief may be granted, either under federal or state law.

  i.  <u>Section 1986</u>

Count Three purports to plead a claim against "All Defendants" for "Negligence" under 42 U.S.C. § 1986.  It alleges that "The Defendants had a duty of care to not beat up, unlawfully restrain, physically harm and then maliciously prosecute the Plaintiff."  These allegations do not plead a valid claim under § 1986 against any of the defendants, including the Town.

Section 1986 provides a cause of action against a person who knows of the existence of a conspiracy to interfere with civil rights as described in 42 U.S.C. § 1985 and has the power to prevent or aid in preventing the interference from occurring, but neglects or refuses to do so.  "[A] § 1986 claim must be predicated upon a valid § 1985 claim."  <u>Mian v. Donaldson, Lufkin & Jenrette Securities Corp.</u>, 7 F.3d 1085, 1088 (2d Cir. 1993).  The elements of a § 1985 claim are: (1) a conspiracy; (2) for one or more of the purposes enumerated in the statute; and (3) an act in furtherance of the conspiracy; (4) whereby a

6

person is injured or deprived of a federal right.  Id.
"Furthermore, the conspiracy must also be motivated by 'some
racial or perhaps otherwise class-based, invidious
discriminatory animus behind the conspirators' action.'"  Id. at
1088 (quoting United Bhd. Of Carpenters, Local 610 v. Scott, 463
U.S. 825, 829 (1983).

The complaint does not plead these essential elements of a
claim under § 1985, and thus fails to plead a claim for relief
under § 1986.  In the plaintiff's memorandum in opposition to
the motion to dismiss, he appears to argue that § 1986 provides
a cause of action for John Doe 2's failure to intervene to
prevent the assault committed by John Doe 1, as well as a cause
of action for each defendant's failure to stop the other from
maliciously prosecuting the plaintiff.  See ECF 26 at 3.  Claims
for failure to intervene to prevent another's use of
unreasonable force and for malicious prosecution are commonly
brought under 42 U.S.C. § 1983, which applies to such
constitutional violations regardless of motive; in contrast, §
1986 applies only to failures to act against conspirators
motivated by racial animus.  Here, there is no allegation that
the Doe defendants conspired to interfere with the plaintiff's
civil rights because of his race.  In fact, the plaintiff's race
is not mentioned in the complaint or in the memorandum in

opposition.  Accordingly, the complaint fails to plead a claim for relief under § 1986.

ii.  Section 1983

Count Four purports to plead a claim against "All Defendants" under 42 U.S.C. § 1983 for "Excessive Force." Liberally construed, this Count alleges that John Does 1 and 2, acting in their capacities as Town employees, subjected plaintiff to unreasonable physical force in violation of the Fourth Amendment.[3]  Defendants contend that the complaint fails to allege facts showing that a municipal policy caused the alleged use of excessive force, as required for municipal liability under Monell.  In response, plaintiff points to the complaint's allegations that the wrongs complained of were the result of the Town's failure to properly train and supervise the Doe defendants.  See  ECF 26 at 5, citing Complaint ¶¶ 30, 31. He continues, "In essence this Complaint involves Defendant City of Manchester's policy that tax collectors may act, physically, as police officers without any police powers or training.  It further snowballed into the malicious prosecution of the Plaintiff enabled, aided and abetted by an actual police officer."  ECF 26 at 5.

---

[3] Though not cited in the complaint, the Fourth Amendment governs claims for excessive force under § 1983.

I agree with defendants that the allegations of the complaint fail to plead a claim for relief against the Town.  To adequately plead a claim under <u>Monell</u>, the plaintiff must allege facts linking his injuries to an official policy of the Town or to a pattern of prior incidents demonstrating deliberate indifference on the part of Town policymakers to the rights of persons with whom Town employees would come into contact.  <u>See City of Canton v. Harris</u>, 489 U.S. 378, 388-89 (1989).  The complaint provides no such allegations.  Rather, it alleges a single instance of excessive force by John Doe 1 and failure to intervene by John Doe 2, which is insufficient to show the existence of an official policy or pattern of similar incidents.

### iii. <u>Monell Claim</u>

Count Eight purports to plead a <u>Monell</u> claim against the Town.  The allegations of this count do not add anything of substance to the allegations just discussed.  Accordingly, this Count also fails to state a claim for relief against the Town.

### iv. <u>State Law Claims</u>

Defendants move to dismiss any state law claims against the Town on the ground that the complaint fails to allege any basis under state law for holding the Town liable for the plaintiff's alleged injuries.  In response, plaintiff does not argue that the Town is liable under state law.  He instead refers solely to the claim against the Town under <u>Monell</u>.  In any case, the

allegations of the complaint do not support a claim against the Town under state law.

As defendants note, Conn. Gen. Stat. § 7-465 requires a town to indemnify an employee for infringement of a person's civil rights provided the employee was acting within the scope of his employment and the injury was not the result of a willful or wanton act.  However, the plaintiff does not rely on this statute in the complaint or in his memorandum in opposition to the motion to dismiss.

III.

The remaining issue is whether the dismissal of the claims against the Doe defendants should be with or without prejudice. Defendants contend that dismissal with prejudice is warranted because plaintiff's counsel failed to take steps to learn the identities of the Doe defendants in a timely manner and has not yet sought leave to file an amended complaint using their real names, though their identities were disclosed more than a year ago.

In a recent supplemental submission, plaintiff's counsel submits that he did not undertake to discover the identities of the Doe defendants at an earlier stage of the case or file a motion to amend the complaint because he has been waiting for a ruling on the motion to dismiss.  In addition, he notes that he has given defense counsel additional time to answer discovery

requests and has been focused on mediation and settlement rather than motion practice.  He requests that he be permitted to amend the complaint to substitute the names of the Doe defendants and cure any deficiencies in the complaint's allegations.

Under Rule 4(m), when timely service has not been affected and good cause for the failure to make service has not been shown, the remedy is dismissal without prejudice.  I therefore conclude that the dismissal of the complaint against the Doe defendants should be without prejudice to the filing of a motion by the plaintiff seeking leave to file an amended complaint. Plaintiff will have until October 28, 2024 to file such a motion, along with a proposed amended complaint.  If no such motion is filed, the dismissal of the complaint will be with prejudice as to all claims and all defendants.

IV.

Accordingly, the motion to dismiss is hereby granted in full without prejudice to the filing of a motion for leave to file an amended complaint on or before October 28, 2024.

So ordered this 7th day of October 2024.

/RNC/
_____
Robert N. Chatigny
United States District Judge