```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

DANIEL HUNT,                         :
                                     :
      Plaintiff,                     :
                                     :
v.                                   :    No. 3:22-cv-450(RNC)
                                     :
TOWN OF MANCHESTER,                  :
JOHN DOE #1,                         :
JOHN DOE #2 &                        :
OFFICER JOHN DOE #3,                 :
                                     :
      Defendants.                    :
```

                              RULING AND ORDER

    Plaintiff has moved for leave to file an amended complaint following dismissal of the original complaint.  The defendants object primarily on the ground that the plaintiff has failed to satisfy the good cause standard of Fed. R. Civ. P. 16(b).  I conclude that leave to amend must be denied.

    Plaintiff commenced this action in state court in February 2022.  The complaint sought damages for injuries allegedly sustained by the plaintiff in an altercation at Manchester Town Hall in September 2020.  The complaint named as defendants two Town employees sued as John Doe 1 and John Doe 2, a Manchester police officer sued as Officer John Doe, and the Town itself. Service of process on the individual defendants was attempted by

1

serving a summons and complaint on the Town Clerk using pseudonyms.[1]  The action was removed in March 2022.

Last month, the action was dismissed as to the Doe defendants for failure to effect service of process in a timely manner, and as to the Town for failure to state a claim upon which relief may be granted.  See ECF 54.  Plaintiff was given an opportunity to file a motion for leave to amend the complaint along with a proposed amended complaint.  Plaintiff was notified that, if no motion for leave to amend was filed, the dismissal would be with prejudice.

Plaintiff has submitted a one-sentence motion for leave to amend along with a proposed amended complaint.  ECF 55.  The proposed amended complaint differs from the original as follows: it substitutes the name "Frank (sic) Greaves" for John Doe 1,[2] deletes all references to John Doe 2, and substitutes the name "Zachary Chantlos" for Officer John Doe.  No new allegations are made to support the claims against the Town.

As framed by the parties, the issue presented by the motion for leave to amend is whether the plaintiff has met Rule 16(b)'s good cause standard for permitting an amended complaint to be filed adding Mr. Greaves and Officer Chantlos as defendants.  To

---

[1] As discussed in a prior ruling, Connecticut law does not authorize this type of service of process on unidentified municipal employees.
[2] The record reflects that Mr. Greaves' first name is David, not Frank.

2

put this issue in proper context, a case management report filed on May 6, 2022, soon after the action was removed, anticipated that the individuals sued as Doe defendants would be identified and added to the case within two months.[3]

Plaintiff's counsel has suggested that good cause can be found to exist for permitting the amendment now, more than two years later, because the identities of the Doe defendants could not be reliably determined without hiring a private investigator. However, the identities of the Doe defendants could have been obtained from the Town in discovery beginning in May 2022. Had plaintiff's counsel promptly requested their identities from the Town through discovery, they could have been added as defendants within the two-month timeframe in the case management plan for joining parties and amending the complaint. But counsel did not ask the Town to identify the Doe defendants until he served a first set of discovery requests approximately nine months later in February 2023. The purported need for a private investigator therefore provides no support for a finding of good cause.

---

[3] The May 2022 case management plan provided that any motion to join parties or amend the complaint would be filed by the plaintiff within two months and all discovery would be completed within one year. See ECF 16. The case management report resulted in the entry of scheduling order. See ECF 17. The Order set a discovery cut-off date of May 31, 2023 and stated that any motion to amend the complaint would be governed by the good cause standard of Rule 16(b).

Plaintiff's counsel has stated that he took no further action regarding the Doe defendants, either before or after they were identified by the Town in verified responses to discovery in April 2023, because a motion to dismiss had been filed and he was waiting for a ruling on the motion.  However, plaintiff's counsel was explicitly notified in June 2022 that the  filing of a motion to dismiss does not serve to stay discovery.  See ECF 24.  And he also learned no later than a discovery/status conference in June 2023 that the pendency of the motion to dismiss did not provide good cause for extending the discovery deadline.  See ECF 46.  Thus, he could not reasonably rely on the pendency of the motion to dismiss to provide good cause for failing to take further action to identify and join the individuals sued as Doe defendants, especially since the case management plan anticipated that they would be joined by mid-2022.

Furthermore, granting leave to amend likely would be futile in any event because the statute of limitations has expired. John Doe substitutions may be made via an amended complaint only when all the requirements of Fed. R. Civ. P. 15(c) are met. Hogan v. Fischer, 738 F.3d 509, 517 (2d Cir. 2013).  If those requirements are met, the amendment may be deemed to "relate back" to the date of the original complaint, thereby avoiding the bar of the statute  of limitations.  Id.   Rule

4

15(c)(1)(C)(ii) allows relation back of an amendment changing parties provided the party to be brought in "knew or should have known that, but for a mistake of identity, the original action would have been brought against [him]."  The Second Circuit has held that this requirement is not met when a plaintiff seeks to add a party previously sued as a Doe defendant.  In such a case, the plaintiff's failure to name the correct defendant initially does not fall within the language of the rule because it results not from "a mistake of identity" but from lack of knowledge about identity.  See Barrow v. Wethersfield Police Dept., 66 F. 3d 466, 468-69 (2d Cir. 1995), opinion modified, 74 F. 3d 1366 (2d Cir. 1996)(amendment substituting individual police officers for John Doe defendants was not the result of a mistake concerning their identity and thus did not relate back to the filing of the original complaint).  Under this rule, an amended complaint adding Mr. Greaves and Officer Chantlos would therefore be time-barred.  See Hogan, 738 F. 3d at 518.

    In Hogan, the Court concluded that claims against John Doe defendants, although time-barred by federal relation back doctrine, were not time-barred under New York law, which was controlling because it supplied the statute of limitations.  As the Court explained, New York law was more forgiving than federal law because it authorized John Doe substitutions nunc pro tunc if certain requirements were met.  See id. at 519-20.

Connecticut law, which supplies the statute of limitations here, does not have a special rule like the New York rule permitting relation back of claims against John Doe defendants.  Rather, Connecticut's relation back doctrine for John Doe defendants appears to be substantially similar to federal relation back doctrine under Rule 15(c)(1)(C).  See Palazzo v. Delrose, 91 Conn. App. 222, 225-26 (2005)("if the amendment is deemed to be a substitution or entire change of party, it will not be permitted").

Accordingly, the motion for leave to amend is hereby denied.  The Clerk may enter judgment dismissing the action without prejudice and close the file.

So ordered this 27th day of November 2024.

_____/RNC/_____
Robert N. Chatigny
United States District Judge